| íKOSTELKA, J.,
dissenting.
I must respectfully dissent from the majority opinion.
The victim testified that her checks were stolen and that, as cashed, they were forgeries. Two separate crime lab analyses reflected a strong indication that the sig *567 natures were Marston’s. The jury could have declined to accept Marston’s claims regarding alleged inconsistencies in the signatures on the checks. Notably, although one of those signatures could be interpreted to read “Marsten,” it could also be viewed as “Marston,” written with an open but looped “o.” Moreover, the second endorsement closely resembles Marston’s signature on both of her driver’s licenses submitted into evidence. Furthermore, the bank security officer testified it was a bank business practice that the tellers who cashed the checks had to make a positive identification of the defendant as the person who cashed the checks before the tellers would write PSM on the checks. That notation was written on one of the checks along with Marston’s driver’s license and social security numbers. From this evidence, when viewed according to reason and common sense, the jury could have concluded that a bank teller identified Marston as the person who cashed the forged checks and that she signed the endorsements. See State v. Bullard, 29,-662 (La.App.2d Cir.09/24/97), 700 So.2d 1051 (defining circumstantial evidence).
Moreover, when viewed in the light most favorable to the state, the jury could have reasonably rejected, as hypotheses of innocence, Marston’s self-serving testimony regarding her loss and possession of a driver’s license and accusations regarding her sister-in-law. The convenient nature of Marston’s statements, made without any independent substantiation, could have reasonably affected the jury’s view of Mar-ston’s credibility and precipitated a rejection of this alibi. I find this evidence sufficient to convict, as did a unanimous jury.
The jury is the ultimate fact-finder of whether the state proved its case by 1 ..circumstantial evidence and whether there is evidence of a reasonable hypothesis of innocence. As a reviewing court, we do not impinge on the jury’s fact-finding prerogative in a criminal case except to the extent necessary to guarantee constitutional due process. See State v. Davis, 92-1623 (La.05/23/94), 637 So.2d 1012, cert. denied, 513 U.S. 975, 115 S.Ct. 450, 130 L.Ed.2d 359 (1994). I am of the view that the majority opinion violates these jurisprudential principles.
APPLICATION FOR REHEARING
Before NORRIS, C.J., and STEWART, CARAWAY, PEATROSS, KOSTELKA, JJ.
Rehearing Denied.
PEATROSS and KOSTELKA, JJ., would grant rehearing.